NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACOB CHRISTIAN MULLAN,

Petitioner-Appellant,

v.

ERIC ARNOLD,

Respondent-Appellee.

No.    17-16052

D.C. No. 3:15-cv-01003-JD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted October 24, 2019**
San Francisco, California

Before:  WALLACE and BRESS, Circuit Judges, and LASNIK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

We write primarily for the parties who are familiar with the facts. Appellant Jacob Christian Mullan ("Mullan") was convicted in California state court of forcible rape while acting in concert. The jury made findings to support imposition of the "gang enhancement" under California Penal Code § 186.22(b)(1), which allowed the state court to enhance Mullan's sentence by 10 years. He was sentenced to an aggregate term of 16 years in prison.

Mullan filed a habeas petition in federal district court, seeking relief on various grounds. The district court denied Mullan's petition and declined to issue a certificate of appealability. Our court granted a certificate of appealability only on the issue of whether the imposition of the 10-year gang enhancement on Mullan's rape conviction was supported by sufficient evidence.

We review the district court's denial of Mullan's habeas petition *de novo*. Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of Mullan's petition. Id. at 983. In reviewing sufficiency of the evidence claims on habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Jackson sufficiency of the evidence claims "face a high bar in federal habeas proceedings" and a federal court may overturn the state court

decision only if it was "objectively unreasonable." <u>Coleman v. Johnson</u>, 566 U.S. 650, 651 (2012).

After an independent but deferential review of the record, we conclude there was sufficient evidence for a rational juror to find all elements, beyond a reasonable doubt, to support imposition of the California Penal Code § 186.22(b)(1) gang enhancement on Mullan's rape conviction. "Because a rational trier of fact could have been persuaded beyond a reasonable doubt that" the requisite elements of California's gang enhancement were met, "habeas relief is unwarranted." <u>Bruce v. Terhune</u>, 376 F.3d 950, 958 (9th Cir. 2004). Accordingly, the California Court of Appeal's decision cannot be characterized as objectively unreasonable, and the district court properly denied relief on Mullan's sufficiency of the evidence claim.

**AFFIRMED.**